978 F.2d 717
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Andre Brigham YOUNG, Plaintiff-Appellant,
v.
Jeffrey NEEDLE, Defendant-Appellee.
 No. 89-35341.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1992.*
Decided Oct. 19, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Andre Young, a Washington state prisoner, appeals pro se the district court's order dismissing his 42 U.S.C. § 1983 civil rights action against Jeffrey Needle, the attorney in Young's habeas action, as frivolous under 28 U.S.C. § 1915(d). We review for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1730 (1992). We affirm.[1]
 
 
 3
 Frivolous in forma pauperis complaints may be dismissed sua sponte under 28 U.S.C. § 1915(d). Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989). A complaint is frivolous "where it lacks an arguable basis in law or in fact." Id. A district court must afford a pro se plaintiff notice of the deficiencies of the complaint and an opportunity to amend prior to dismissal unless it is absolutely clear that the deficiencies of the complaint cannot be cured. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 4
 To establish a section 1983 claim, the plaintiff must allege facts showing a deprivation of a constitutional right, privilege, or immunity by a person acting under color of state law. 42 U.S.C. § 1983; Parrat v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniel v. Williams, 474 U.S. 327 (1986). Here, Young cannot successfully state a section 1983 claim against his attorney for failing to file a timely notice of appeal or for failing to adequately represent him in his habeas action. See Polk County v. Dodson, 454 U.S. 312, 325 (1981) (a private attorney, even if appointed and paid for by the state, is not acting under color of state law when performing his function as counsel). Accordingly, because the deficiencies of his complaint could not be cured by amendment, the district court properly dismissed Young's action. See Noll, 809 F.2d at 1448.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On appeal, Young also asks the court to reinstate his habeas action. We reviewed and denied Young's motion for reinstatement of his habeas corpus action on August 15, 1989. On October 23, 1990, we denied Young's motion for reconsideration